Matter of the Estate of JOHN H. ARMSTRONG, Deceased.

(Surrogate's Court, New York County, December, 1919.)

Trusts — direction to testamentary trustee to convert the residuary estate into money — wills — accumulation — accounting by trustees.

A will directed the testamentary trustee to convert the residuary estate into money and to invest and hold the same in trust during the lifetime of testator's two daughters, who survived him, or the survivor of them, with direction to pay to each of them annually a certain sum out of the income. Upon the death of either, leaving descendants, a like sum was to be distributed among them during the lifetime of the surviving daughter and upon the death of both daughters the principal of the estate was to be distributed to their descendants *per stirpes,* but there was no direction as to the accumulation of income during the minority of any one. Upon an accounting by the trustee it appeared that both daughters are living, one having two children, the other none. *Held,* that as the surplus income could not be validly accumulated, it necessarily passed as undisposed of assets to the persons entitled to the next eventual estate, to wit, the testator's grandchildren.

PROCEEDING upon an accounting by a trustee.

Geller, Rolston & Horan, for executor and trustee.

FOWLER, S. This is an accounting by the Farmers Loan and Trust Company, as trustee under the will of the above-named testator. A decree has been submitted and a memorandum is filed in opposition to the same.

Misc.] Surrogate's Court, New York County, December, 1919.

The testator left him surviving two daughters, and the will in substance provides as to the residue that the trustee convert the same into money and invest the same and hold the same in trust during the lifetime of his two daughters, Edith H. and Mabel H., or the survivor of them, and out of the said income pay to each the sum of $2,500 a year. Upon the death of either, leaving descendants, to distribute the $2,500 annually to those descendants during the lifetime of the surviving daughter. Upon the death of both of the daughters the trustee was to distribute the principal of the estate to the descendants of the said daughters *per stirpes*. Both daughters are living. One daughter has two children and the other daughter has none. An accumulation has resulted by reason of the payment of $2,500 a year to each daughter, the income being greater than that. The two grandchildren, the children of one daughter, are the persons presumptively entitled to the next eventual estate. Nothing is said as to what shall be done with this surplus income. It cannot validly be accumulated, for the reason that there is no direction to accumulate during the minority of any person. As it is undisposed of by the will, it must necessarily pass to the persons entitled to the next eventual estate, to wit, these two grandchildren. The trustee has drawn the decree accordingly. The surviving daughter, who has no issue, objects to the same, and submits that there should be an accumulation, and that the trustee should hold this money. That is obviously an incorrect view. There can be no valid accumulation, and the trustee has correctly drawn the decree. Costs taxed. The decree submitted on behalf of the accounting trustee appears to be correct, and the same has been signed.

Decreed accordingly.